DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant, Cedric Lynch, appeals from the Lorain County Court of Common Pleas' denial of his motion to vacate void judgment based on his conviction in Lorain County for possession of cocaine, possession of criminal tools and engaging in a pattern of corrupt activity. We affirm.
 {¶ 2} On April 1, 2002, the Lorain County Grand Jury indicted Defendant on two counts of possession of cocaine, in violation of R.C. 2925.11(C)(2), two counts of possession of criminal tools, in violation of R.C. 2923.24(A), three counts of trafficking in drugs, in violation of R.C. 2925.03(A), and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32. On June 15, 2004, the indictment was amended leaving only seven counts for trial. On June 17, 2004, the matter was tried to the bench and Defendant was convicted on count one, possession of cocaine, count three, possession of criminal tools and count eleven, engaging in a pattern of corrupt activity. Defendant was sentenced to one year each on counts one and three and seven years on count eleven. All time was to be served concurrently.
 {¶ 3} On July 23, 2004, Defendant appealed his sentence and conviction to this Court asserting three assignments of error: manifest weight of the evidence related to his conviction for engaging in a pattern of corrupt activity, and the trial court's denial of a motion to suppress and a motion in limine. On May 18, 2005, we affirmed the trial court's judgment.
 {¶ 4} On April 12, 2006, Defendant filed a Motion to Vacate Void Judgment (the "PCR Motion"), which the trial court denied on April 27, 2006. On May 23, 2006, Defendant brought this appeal, raising one assignment of error for review.
 Assignment of Error No. I
"The trial court committed clear reversible error, acted outside its jurisdiction, without jurisdiction, and contrary to law, in convicting and sentencing Defendant on a charge of "engaging in a pattern of corrupt activity," where, as a matter of law, there was only one "predicate offense" to support the "engaging in a pattern of corrupt activity" charge; the sentence is void."
 {¶ 5} Defendant argues that the trial court abused its discretion when it denied the PCR Motion. Specifically, he argues that the trial court was without jurisdiction to convict and sentence him for engaging in a pattern of corrupt activity where he was only found guilty of one predicate offense and at least two are required. Thus, the Defendant argues, his conviction and sentence for engaging in a pattern of corrupt activity is void as a matter of law.
 {¶ 6} First, we note that Defendant's Motion to Vacate Void Judgment shall be treated as a petition for post-conviction relief. The Ohio Supreme Court holds that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for post-conviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158,679 N.E.2d 1131, syllabus. This appeal, filed subsequent to Defendant's direct appeal, asserts a jurisdictional defect and thus shall be treated as a motion for post-conviction relief under R.C. 2953.21.
 {¶ 7} "A petitioner for post-conviction relief has an initial burden of providing evidence of sufficient operative facts to demonstrate a cognizable claim of a constitutional error." Statev. McNeill (2000), 137 Ohio App.3d 34, 40, 738 N.E.2d 23, appeal not allowed (2000), 89 Ohio St.3d 1453, certiorari denied (2000),531 U.S. 1041. Even assuming a defendant is able to state a "cognizable claim of a constitutional error," a trial court may deny a defendant's petition for post-conviction relief if the claim raised in the petition is barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104.
 {¶ 8} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by thedefendant at the trial, which resulted in that judgment ofconviction, or on an appeal from that judgment." (Emphasis added). Perry, at paragraph nine of the syllabus.
 {¶ 9} Assuming arguendo that the alleged jurisdictional defect constitutes a "cognizable claim of constitutional error," it is barred by the doctrine of res judicata. Appellant failed to raise the error in a direct appeal from his sentence, instead raising it for the first time in the PCR Motion. Defendant should have and could have raised any jurisdictional defect on direct appeal. See Perry, paragraph nine of the syllabus.
 {¶ 10} Moreover, the PCR motion was filed untimely and could have been denied on that basis alone. R.C. 2953.21(A)(2) requires a petitioner to file a petition for post-conviction relief within 180 days of the date the trial transcript is filed with the Court of Appeals on the direct appeal. The transcript in the direct appeal was filed with the court of appeals on September 1, 2004. Defendant did not file the PCR motion until May 23, 2006, nearly two years later. Moreover, Defendant has not established either of the two grounds that would allow the trial court to consider a late petition for post-conviction relief set forth in R.C.2953.21. He has not demonstrated that he was unavoidably prevented from discovering the information he now asserts and he has not asserted that he is entitled to the protection of a new right recognized by the Ohio Supreme Court.
 {¶ 11} Accordingly, the error alleged in the PCR Motion was properly barred by the doctrine of res judicata and also as being filed untimely. Defendant's assignment of error is overruled.
Judgment Affirmed
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Boyle, J. concur.