DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Rodney Lee Sales, appeals from the judgment of the Summit County Court of Common Pleas which denied his petition for post-conviction relief. This Court affirms.
 I. {¶ 2} Following a jury trial, Appellant was convicted of rape and assault. On July 1, 2002, Appellant was sentenced to ten years for his convictions and adjudicated a sexual predator. This Court affirmed Appellant's conviction and sentence. See State v. Sales, 9th Dist. No. 21181, 2003-Ohio-1477. *Page 2 
 {¶ 3} During the pendency of his appeal, Appellant filed his petition for post-conviction relief. In that petition, Appellant alleged that his trial counsel was ineffective for failing to investigate and call witnesses on behalf of his defense. On April 9, 2004, the trial court denied the petition without a hearing, but did not issue findings of fact or conclusions of law. Thereafter, Appellant requested that the trial court issue such findings and conclusions. On October 30, 2006, the trial court issued findings of fact and conclusions of law in support of the denial of Appellant's petition. Appellant timely appealed from the trial court's judgment, raising three assignments of error.
 II. ASSIGNMENT OF ERROR I "THE LOWER COURT ABUSED ITS DISCRETION BY FAILING TO HAVE A HEARING ON THE OPERATIVE FACTS AS TO INEFFECTIVE ASSISTANCE OF COUNSEL ISSUES."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT BELOW ABUSED ITS DISCRETION BY NOT RECOGNIZING THAT THE `OPERATIVE FACTS' OF THE POST-CONVICTION RELIEF PETITION WAS (sic) SUFFICIENT TO INDICATE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT BY FAILING TO CONSIDER THE `TOTALITY OF THE EVIDENCE' INDICATING INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL." *Page 3 
 {¶ 4} As Appellant's assignments of error are interrelated, they will be addressed together. In each assignment of error, Appellant asserts that the trial court erred in denying his petition without holding a hearing. We disagree.
 {¶ 5} This Court reviews a trial court's decision not to hold a hearing on a petition for post-conviction relief for an abuse of discretion. State v. Houser, 9th Dist. No. 21555, 2003-Ohio-6811, at ¶ 12. Abuse of discretion requires more than simply an error in judgment; it implies unreasonable, arbitrary, or unconscionable conduct by the court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} R.C. 2953.21(A)(1)(a) provides as follows:
 "Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief."
In addition, R.C. 2953.21(E) provides:
 "Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending. If the court notifies the parties that it has found grounds for granting relief, either party may request an appellate court in which a direct appeal of the judgment is pending to remand the pending case to the court."
 {¶ 7} However,
 "A hearing is not automatically required for every petition for post-conviction relief. See State v. Yauger (Oct. 6, 1999), 9th Dist. No. *Page 4 
19392, citing State v. Jackson (1980), 64 Ohio St.2d 107, 110. The trial court must first find substantive grounds for relief before a hearing is granted. Jackson, 64 Ohio St.2d at 110. See, also, R.C. 2953.21(C); State v. Calhoun (1999), 86 Ohio St.3d 279, 283, quoting Jackson, 64 Ohio St.2d at syllabus (stating `the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness' before a hearing will be granted (Emphasis omitted.)); * * * `General conclusory allegations as to counsel's ineffectiveness or broad assertions are inadequate as a matter of law to warrant an evidentiary hearing or support a finding of post-conviction relief" State v. Guess (Oct. 8, 1997), 9th Dist. No. 18252, citing Akron v. Darulis (Mar. 2, 1994), 9th Dist. No. 16420." (Alterations omitted.) State v. Houser, 9th Dist. No. 21555, 2003-Ohio-6811, at ¶ 15.
Upon review, we cannot say that the trial court abused its discretion in denying Appellant's petition without a hearing.
 {¶ 8} In his petition, Appellant alleged that he received ineffective assistance from his trial counsel. A claim of ineffective assistance of counsel requires Appellant to satisfy a two-prong test. First, he must prove that trial counsel's performance was deficient. Strickland v.Washington (1984), 466 U.S. 668, 687. Appellant "must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed Appellant by the Sixth Amendment." State v. Srock, 9th Dist. No. 22812, 2006-Ohio-251, at ¶ 20, citing Strickland, 466 U.S. at 687. Second, Appellant must "demonstrate that he was prejudiced by his trial counsel's deficient performance." Srock at ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, *Page 5 
paragraph three of the syllabus. Further, this Court need not analyze both prongs of the Strickland test if we find that Appellant failed to prove either. State v. Ray, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶ 10. Finally, Appellant must overcome the strong presumption that licensed attorneys in Ohio are competent. State v. Smith (1985),17 Ohio St.3d 98, 100.
 {¶ 9} In support of his petition, Appellant filed one piece of "evidence." Appellant submitted a letter purportedly authored by Jo Carlisle, a private investigator hired by his trial counsel. This letter was not authenticated by any affidavit and was the sole evidence submitted by Appellant. Contrary to Appellant's assertions, the letter does not contain operative facts sufficient to warrant a hearing on the issue of ineffective assistance of counsel.
 {¶ 10} In the letter, Carlisle stated as follows:
 "I will continue to attempt to contact [a witness]. Do you think I should contact any of these other witnesses that Rodney named the other day? It is my opinion that they are not pertinent — only witnesses to attempt to tarnish [the victim's] character. In addition, they all have extensive criminal histories and may not be believed by the jury even if they did speak with me and even if they did actually show up for court."
It is unclear how this letter supports Appellant's argument. Instead, the letter provides advice to Appellant's trial counsel on whether to call witnesses that Appellant had identified. Appellant has not asserted that the conclusions drawn by Carlisle were incorrect or inaccurate. As such, the letter itself supports a finding *Page 6 
that Appellant's trial counsel properly excluded these witnesses as their testimony was likely inadmissible and would have been viewed skeptically by a jury.
 {¶ 11} In his petition, Appellant also alleged that his counsel "wouldn't let me put on my defense so the jury only heard one side of the case." Appellant offered no evidence to support this claim. Appellant's bare conclusory assertions of ineffectiveness in his petition, with no supporting evidence, are insufficient to warrant a hearing. See Guess, supra.
 {¶ 12} Appellant submitted no evidentiary materials which would suggest that his trial counsel's performance was deficient. Moreover, Appellant's unsubstantiated claims of deficient performance contain no allegations of prejudice. Appellant asserted no argument containing what his witnesses would have testified about and made no argument concerning how the result of his trial would have been different if his counsel had not been deficient. Accordingly, Appellant did not submit evidentiary materials which contained operative facts which raised a genuine issue of ineffectiveness of trial counsel. The trial court, therefore, did not err in denying the petition without a hearing. Accordingly, Appellant's assignments of error lack merit.
 III. {¶ 13} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 7 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WILLIAM R. BAIRD FOR THE COURT
MOORE, P. J. DICKINSON, J. CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1