[Cite as *State v. Starks*, 2011-Ohio-2772.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25617 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMES STARKS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2009 06 1984 |

DECISION AND JOURNAL ENTRY

Dated: June 8, 2011

WHITMORE, Judge.

{¶1} Defendant-Appellant, James Starks, appeals from the judgment of the Summit County Court of Common Pleas, denying his petition for post-conviction relief. This Court affirms.

I

{¶2} This Court recounted the underlying facts of this case in *State v. Starks*, 9th Dist. No. 25155, 2010-Ohio-5980, at ¶2-6. After one mistrial, a jury convicted Starks of felonious assault, and the court sentenced him to five years in prison. Starks appealed and challenged the sufficiency of the verdict and the weight of the evidence. This Court affirmed his conviction. *Starks* at ¶13.

{¶3} During the pendency of the direct appeal in this matter, Starks filed a pro se petition for post-conviction relief. The basis for the petition was that Starks' trial counsel was ineffective and, had his counsel conducted additional discovery and been better prepared for

trial, he would have uncovered exculpatory evidence and been able to prove that Starks was innocent. On September 8, 2010, the trial court denied the petition.

{¶4} Starks now appeals from the court's denial of his petition and raises two assignments of error for our review. For ease of analysis, we consolidate the assignments of error.

II

Assignment of Error Number One

"APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WAS VIOLATED WHEN THE TRIAL COURT DISMISSED HIS PETITION TO VACATE OR SET ASIDE JUDGMENT AS LEGALLY INSUFFICIENT."

Assignment of Error Number Two

"APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE AND DUE PROCESS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WAS VIOLATED BY TRIAL COUNSEL'S FAILURE TO CHAMPION HIS CAUSE SKILLFULLY CONSEQUENTLY DEPRIVING HIM OF A FAIR TRIAL."

{¶5} In his first assignment of error, Starks argues that the trial court erred by denying his petition for post-conviction relief, as it demonstrated a cognizable claim based on ineffective assistance of counsel. In his second assignment of error, Starks argues that he was denied ineffective assistance of counsel because his counsel failed to conduct adequate discovery. We disagree with both propositions.

{¶6} This Court reviews a trial court's decision to deny a petition for post-conviction relief for an abuse of discretion. *State v. Craig*, 9th Dist. No. 24580, 2010-Ohio-1169, at ¶12, citing *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶45. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

"Any person who has been convicted of a criminal offense *** and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States *** may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief." R.C. 2953.21(A)(1)(a).

A post-conviction relief petitioner who asserts an ineffective assistance of counsel claim has the burden of meeting the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668. *State v. Gorospe*, 9th Dist. No. 24111, 2008-Ohio-6435, at ¶8. That is, he must show that: (1) counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. To demonstrate prejudice, a petitioner must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Furthermore, this Court need not address both *Strickland* prongs if a petitioner fails to prove either one. *State v. Ray*, 9th Dist. No. 22459, 2005-Ohio-4941, at ¶10.

{¶7} Starks argues that his counsel was ineffective, and he was thus entitled to post-conviction relief, because his counsel "failed to file pertinent pretrial motions" and "failed to conduct a pretrial investigation that would have assisted him in impeaching the victim's identification of [him]" as the assailant. Starks relied upon his own affidavit in support of his petition. In his affidavit, Starks maintained his innocence and averred that further investigation on the part of his attorney would have uncovered evidence showing that Starks was not present

when the crime at issue occurred and that the victim lacked credibility because he was "a little on the shady side." The record reflects that Starks had different counsel at trial than he had on direct appeal with this Court.

{¶8} To the extent Starks argues that his trial counsel was ineffective because he failed to file pretrial motions, that argument is one that Starks could have raised on direct appeal, as he has not pointed to any evidence dehors the record in support of his argument. See *State v. Cole* (1982), 2 Ohio St.3d 112, syllabus ("Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for post[-]conviction relief."). Post-conviction relief will not lie "if the claim raised in the petition is barred by the doctrine of res judicata." *State v. Lynch*, 9th Dist. No. 06CA008938, 2006-Ohio-5813, at ¶7.

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any *** claimed lack of due process that *** could have been raised *** on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.

To withstand the application of the doctrine, "[e]vidence outside the record 'must demonstrate that the claims advanced in the petition could not have been fairly determined on direct appeal based on the original trial court record without resorting to evidence outside the record.'" *State v. Dovala*, 9th Dist. No. 08CA009455, 2009-Ohio-1420, at ¶10, quoting *State v. Stallings* (Apr. 19, 2000), 9th Dist. No. 19620, at *1. Here, one could clearly discern from the trial court docket the matter of whether defense counsel had filed certain pretrial motions. Because Starks had different counsel on appeal and could rely upon the trial court record to make this argument, we must conclude that it is barred by res judicata. *State v. Ruvalcaba* (Dec. 5, 2001), 9th Dist. No.

20585, at *1-2 (concluding petition barred by res judicata where petitioner relied upon trial court docket to argue that his trial counsel was ineffective for failing to file pretrial motions).

{¶9}   Starks' second argument is that his counsel failed to fully investigate his case and, therefore, did not uncover facts about the victim that would have undermined the victim's credibility. Assuming without deciding that res judicata does not also bar Starks' second argument, see *Dovala* at ¶16-21 (concluding that res judicata did not bar certain portions of a post-conviction relief petition, including that trial counsel did not fully investigate the State's case), Starks' own affidavit was the only item he presented as evidence that his counsel did not fully investigate his case. "General conclusory allegations as to counsel's ineffectiveness or broad assertions *** are inadequate as a matter of law to *** support a finding of post[-]conviction relief." *State v. Sales*, 9th Dist. No. 23498, 2007-Ohio-4136, at ¶7, quoting *State v. Guess* (Oct. 8, 1997), 9th Dist. No. 18252, at *2. Based on our review of the record, Starks' self-serving affidavit does not demonstrate a claim for ineffective assistance. *State v. Houser*, 9th Dist. No. 21555, 2003-Ohio-6811, at ¶17-18. The issue of Starks' and the victim's credibility was squarely before the jury at trial, and the jury chose to believe the State's version of the events. *Starks* at ¶9-12. We agree with the trial court that Starks' affidavit and petition did nothing more than "rehash the evidence" and take issue with the jury's ultimate determination. Because Starks failed to set forth "sufficiently operative facts to support [his] assertion" that his counsel was ineffective, *Houser* at ¶14, the trial court did not abuse its discretion by denying his petition. Starks' assignments of error are overruled.

III

{¶10}  Starks' assignments of error are overruled. The judgment of the Summit County

Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

JAMES STARKS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.