[Cite as *State v. Sullivan*, 2014-Ohio-1260.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-861 |
| | | (C.P.C. No. 09CR-12-7225) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Anthony L. Sullivan, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 27, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*Anthony L. Sullivan*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Anthony L. Sullivan, from a judgment of the Franklin County Court of Common Pleas denying his petition for post-conviction relief filed pursuant to R.C. 2953.21.

{¶ 2} On December 3, 2009, appellant was indicted on four counts of robbery, in violation of R.C. 2911.02; counts one and three each carried a repeat violent offender specification. A jury returned verdicts finding him guilty of counts one and three, as well as the specifications. By judgment entry filed on September 20, 2010, the trial court sentenced appellant to a prison term totaling 26 years.

{¶ 3}   Appellant appealed his conviction, raising 11 assignments of error.  In *State v. Sullivan,* 10th Dist. No. 10AP-997, 2011-Ohio-6384, this court overruled all of his assignments of error and affirmed the judgment of the trial court.

{¶ 4}   On May 27, 2011, appellant filed a petition for post-conviction relief, pursuant to R.C. 2953.21, asserting a number of ineffective assistance of counsel claims, including trial counsel's purported failure to show him portions of a discovery packet until after trial.  On March 7, 2012, appellant filed a motion to amend his post-conviction petition, arguing that the state was obligated to offer him a six-year plea deal.  On May 29, 2012, appellant filed a second motion to amend his post-conviction petition, seeking to submit his own affidavit and the affidavit of his daughter.

{¶ 5}   On February 11 and 15, 2013, appellant filed additional motions to amend his petition for post-conviction relief.  Under these motions, appellant argued in part that the trial court erred in failing to instruct the jury on the element of "serious physical harm"; he further argued that the state had reneged on a plea bargain agreement and that it had withheld exculpatory evidence.  Appellant filed additional motions to amend his petition for post-conviction relief on March 20 and 28, 2013, and August 29, 2013, alleging claims of ineffective assistance of counsel, prosecutorial misconduct, and denial of due process.

{¶ 6}   By decision and entry filed on September 11, 2013, the trial court denied appellant's petition for post-conviction relief, as well as his successive motions to amend his petition for post-conviction relief.  The court found appellant's claims to be "either without merit, lack[ing] evidentiary support, or * * * waived by his failure to raise them at trial or during the appellate process."

{¶ 7}   On appeal, appellant sets forth the following five assignments of error for this court's review:

> I. The trial court lacked subject matter jurisdiction to sentence Mr. Sullivan beyond the statutory maximum.
>
> II. The State withholding exculpatory and material evidence, violating *Brady, Bagley,* and *Kyles,* as well as Ohio Crim.R. 16, and appellant's federal constitutional right to a fair trial.
>
> III. Trial Court erred in dismissing petition where petitioner's claimed counsel ineffective for failure to subpoena victim.

IV. The trial court erred in not conducting an evidentiary hearing where defendant alleges the state reneged on plea agreement deal.

V. Mr. Sullivan was denied his Sixth Amendment right to confront witnesses against him face to face.

{¶ 8} Under his first assignment of error, appellant argues the trial court erred in failing to grant him an evidentiary hearing on his petition for post-conviction relief, claiming he was sentenced beyond the statutory maximum on the basis of facts not charged in the indictment. More specifically, he argues that the trial court erred in instructing the jury on the element of "serious physical harm."

{¶ 9} R.C. 2953.21 states in part:

(A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

* * *

(C) Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

{¶ 10} In general, "[a] petition for post conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Perry,* 5th Dist. No. 2010-CA-00185, 2011-Ohio-274, ¶ 12. Further,

"[a]lthough designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment." *Id.* A trial court may dismiss a petition for post-conviction relief if the court determines that the doctrine of res judicata is applicable. *State v. Melhado,* 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 10.

{¶ 11} R.C. 2953.21 "does not expressly mandate a hearing for every post-conviction relief petition and, therefore, a hearing is not automatically required." *State v. Jackson,* 64 Ohio St.2d 107, 110 (1980). Rather, "[t]o warrant an evidentiary hearing, the defendant bears the initial burden of providing evidence to demonstrate a cognizable claim of constitutional error." *State v. Messer-Tomak,* 10th Dist. No. 10AP-847, 2011-Ohio-3700, ¶ 8. Accordingly, "[a] trial court may deny a defendant's petition for post-conviction relief without an evidentiary hearing if the petition, supporting affidavits, documentary evidence, and trial record do not demonstrate sufficient operative facts to establish substantive grounds for relief." *Id.* A reviewing court will uphold a trial court's decision granting or denying a petition for post-conviction relief absent an abuse of discretion. *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 58.

{¶ 12} A defendant who asserts an ineffective assistance of counsel claim in a petition for post-conviction relief "has the burden of meeting the test set forth in *Strickland v. Washington* (1984), 466 U.S. 668." *State v. Starks,* 9th Dist. No. 25617, 2011-Ohio-2772, ¶ 6. Thus, in order to prevail on a claim of ineffective assistance of counsel, a defendant is required to "show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial." *State v. Smith,* 89 Ohio St.3d 323, 327 (2000), citing *Strickland* at 687. In order to establish prejudice, a defendant is required to prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

{¶ 13} As noted, appellant argues that the trial court's instruction to the jury on "serious physical harm" resulted in constitutional error. Appellant, citing portions of the trial transcript, contends the trial court erred in giving this instruction over objection of counsel. In response, the state argues that appellant's claim relies upon events at trial

that were in the record, and, thus, he could have raised this issue on direct appeal. We agree.

{¶ 14} Under Ohio law, "the doctrine of res judicata will bar a defendant from raising any defenses or constitutional claims in a post conviction appeal under R.C. 2953.21 that were or could have been raised by the defendant at trial or on direct appeal." *State v. Howald*, 3d Dist. No. 14-08-23, 2008-Ohio-5404, ¶ 20, citing *State v. Perry*, 10 Ohio St.2d 175, 180 (1967). Accordingly, "the doctrine of res judicata will bar all claims except those that were not available at trial or on appeal because they are based on evidence outside the record." *Id.*, citing *State v. Medsker*, 3d Dist. No. 1-04-24, 2004-Ohio-4291.

{¶ 15} Here, appellant fails to affirmatively show he could not have raised in his direct appeal a claimed error with the jury instructions; res judicata, therefore, precludes consideration of this issue. *State v. Beane,* 2d Dist. No. 95 CA 4 (Aug. 9, 1995) (the propriety of the jury instructions at appellant's trial could have been challenged on direct appeal, and, therefore, this issue is barred by res judicata and cannot be raised in a petition for post-conviction relief); *State v. Phillips,* 9th Dist. No. 20692 (Feb. 27, 2002) (because defendant's claimed errors regarding jury instructions either could have been raised or were raised on direct appeal based on the information contained in the trial court record, trial court did not err in determining claim in post-conviction petition was barred by res judicata).

{¶ 16} Appellant's first assignment of error is without merit and is overruled.

{¶ 17} Under his second assignment of error, appellant contends the state withheld exculpatory and material evidence, in violation of Crim.R. 16 and *Brady v. Maryland,* 373 U.S. 83 (1963). In his petition, as well as in his motions to amend filed on February 11 and August 29, 2013, appellant raised claims regarding certain purported police documents. Appellant contends he became aware of 28 pages of law enforcement documents when his defense counsel visited him in jail shortly after his conviction. Appellant averred in an affidavit, filed with his February 11, 2013 motion to amend, that his trial counsel "showed me 28 important pages that were included in the discovery." Appellant further averred that, after "carefully scouring over said documents I realized I was still missing several key reports" of two officers. Appellant alleged that these two

officers had "illegally searched" the Super 8 Motel room where he had been staying. Appellant contends he made requests for these police reports, but that he received correspondence from the Columbus Police Department informing him that no such records existed. Attached to appellant's motion to amend, filed on August 29, 2013, is a copy of a letter addressed to him by a "Police Records Technician," stating in part: "[T]here was no report generated for the listed arrest on 11/22/2009."

{¶ 18} Pursuant to Crim.R. 16(B)(1)(f), a prosecutor is required "to disclose 'all evidence * * * favorable to the defendant and material either to guilt or punishment.' " *Cleveland v. Schmidt*, 8th Dist. No. 98603, 2013-Ohio-1547, ¶ 21. In *Brady*, the United States Supreme Court "held that the state must disclose 'evidence favorable to an accused * * * where the evidence is material either to guilt or to punishment.' " *Id.*, quoting *Brady* at 87. This rule, however, does not require the prosecutor "to produce the entire file to the defense. He or she is only required to produce evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *Id.* at ¶ 22, citing *United States v. Bagley*, 473 U.S. 667 (1985). Under *Brady*, favorable evidence "includes both exculpatory and impeachment evidence, but the evidence must be both favorable and material before disclosure is required." *Id.*, citing *Bagley* at 674. Evidence is material "if there exists a 'reasonable probability' that the result of the trial would have been different had the evidence been disclosed to the defense." *Id.*, citing *Kyles v. Whitley*, 514 U.S. 419, 433 (1995), quoting *Bagley* at 682.

{¶ 19} As noted, appellant contends that the prosecution did not turn over reports by two officers as part of discovery. The trial court, in addressing the August 29, 2013 motion to amend, observed that appellant's argument "now appears to directly conflict with his original argument, asserting the State has withheld the documents, not that his Counsel ineffectively assisted him by failing to show [him] the documents prior to trial." The court found, however, "even assuming his claim originally focused on the State, [appellant] has not provided support to demonstrate that this evidence was withheld from either his counsel or [appellant] himself."

{¶ 20} We find no error with the trial court's determination that appellant failed to provide evidentiary support for his claim of a *Brady* violation. In asserting the state withheld exculpatory police reports, appellant relies upon his review of documents he

acknowledges the state provided to defense counsel as part of discovery. Defense counsel would have therefore had the same opportunity to determine, based upon a perusal of these discovery materials, whether other materials might be discoverable prior to trial. Further, appellant argues in his brief that he "believes" there are police records (purportedly not turned over) containing information that the two officers at issue conducted a search of his hotel room. However, his belief that officers filed reports containing exculpatory material is merely speculative and, without more, is insufficient to support a *Brady* violation. ("A *Brady* violation may not rest upon a claim that is 'purely speculative.' ") *State v. Moore,* 10th Dist. No. 11AP-1116, 2013-Ohio-3365, ¶ 43, quoting *State v. Hanna*, 95 Ohio St.3d 285, 2002-Ohio-2221, ¶ 60.

{¶ 21} Appellant also contends he was unaware the state was in possession of streaming video capturing both bank robberies. However, a review of the transcript of the trial proceedings belies appellant's claim. Specifically, the record indicates that, during direct examination, the state questioned Melissa Vondran, the branch manager of Cooper State Bank, regarding the bank's surveillance system, including whether "streaming video" was available. (Tr. 313.) The witness testified that she had reviewed the video, and she identified still photos taken from the surveillance system on the date of the first robbery incident. Upon review, the trial court did not err in concluding appellant's petition failed to set forth sufficient operative facts to establish substantive grounds for his *Brady* claim.

{¶ 22} Accordingly, the second assignment of error is without merit and is overruled.

{¶ 23} Under his third assignment of error, appellant argues his trial counsel was ineffective in failing to subpoena a witness, Abby Sanker, a bank teller. Appellant argues he demanded that his counsel subpoena this witness but that counsel refused.

{¶ 24} The trial court, in addressing this claim, noted that the decision whether to subpoena a witness is generally a matter of trial strategy and that the failure of counsel to subpoena this witness did not fall outside the wide range of professionally competent assistance. We agree. *See State v. Treesh,* 90 Ohio St.3d 460, 490 (2001) ("Generally, counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court."). Further, as noted by the state, the

prosecution had already subpoenaed this particular witness, but she did not appear at trial. Appellant has not shown that his counsel was ineffective for failing to issue a subpoena where the state had already issued one, nor has appellant demonstrated his counsel was ineffective for failing to call a witness who may have been unavailable.

{¶ 25} Appellant's third assignment of error is overruled.

{¶ 26} Under his fourth assignment of error, appellant maintains the trial court erred in failing to conduct an evidentiary hearing where, he asserts, the state reneged on a plea agreement deal. According to appellant's affidavit, the state offered him a six-year deal and "stressed" to him that the plea agreement would remain in effect "unless I chose to go to trial." Appellant argues that he accepted the deal, "but first wished to bond out to complete unfinished business."

{¶ 27} In rejecting this claim, the trial court found appellant's "conclusory statement that the State is bound to its offer stands in direct contradiction with Ohio law," noting that a "defendant has no inherent right to a plea deal." The trial court further noted that appellant "chose to assert his right to a jury trial," and that his own affidavit "describes intervening charges filed against him (e.g. kidnapping) that alter the circumstances under which any deal was offered."

{¶ 28} We find no error with the trial court's determination. The only evidence of a purported plea agreement is in the form of appellant's own affidavit, in which he avers that the state offered him a six-year "plea deal" at the outset of his case. He further avers that, after being released on bond, he was arrested several weeks later on a kidnapping charge. According to appellant, at his next trial date, "preparations were made * * * to sign the appropriate papers for the * * * six year deal," but the prosecutor indicated the "deal was off the table [because] he was upset that I got out and committed a new set of serious crimes." Based upon the allegations in appellant's self-serving affidavit, the trial court did not err in denying appellant a hearing as to his claim of a broken plea agreement. *See State v. Crawford,* 7th Dist. No. 91 C.A. 213 (June 2, 1993) (trial court did not err in denying appellant evidentiary hearing as to issue of broken plea agreement where only evidence of breach was appellant's own affidavit which did not support allegations).

{¶ 29} Under his fifth assignment of error, appellant contends he was denied the right to confront a witness, Abby Sanker, at trial. Appellant argues that the trial court allowed the introduction of several out-of-court statements at trial, but the state failed to make Sanker available as a witness. Appellant, however, raised the issue of Sanker's out-of-court statements in his direct appeal, and this court addressed that issue in overruling appellant's second assignment of error. Specifically, this court considered the four-prong test for excited utterances and held that "all four prongs of the * * * test have been met, rendering proper the trial court's admission of Sanker's out-of-court statements." *Sullivan* at ¶ 61. Accordingly, the doctrine of res judicata bars appellant's claim, and the fifth assignment of error is therefore overruled.

{¶ 30} Based upon the foregoing, appellant's first, second, third, fourth, and fifth assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

SADLER, P.J., and DORRIAN, JJ., concur.

_____