[Cite as *State v. Jones*, 2018-Ohio-4126.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                               :

      Plaintiff-Appellee,                          :

                                             No. 18AP-59

v.                                                          :       (C.P.C. No. 13CR-2345)

Antonio M. Jones,                                           :       (REGULAR CALENDAR)

      Defendant-Appellant.                         :

D E C I S I O N

Rendered on August 28, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

**On brief:** *Antonio M. Jones*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Antonio M. Jones, appeals a judgment of the Franklin County Court of Common Pleas that denied him leave to file a delayed motion for a new trial. For the following reasons, we affirm that judgment.

{¶ 2} Jones was indicted on four counts arising out of the shooting death of James Lane: (1) murder, a violation of R.C. 2903.02, with accompanying firearm and repeat violent offender specifications; (2) felony murder, a violation of R.C. 2903.02, with accompanying firearm and repeat violent offender specifications; (3) tampering with evidence, a violation of R.C. 2921.12, with an accompanying firearm specification; and (4) having a weapon while under disability, a violation of R.C. 2923.13, with an accompanying firearm specification. Jones pleaded not guilty to all charges.

{¶ 3} After a trial, a jury found Jones guilty of murder, felony murder, and tampering with evidence, as well as the firearm specifications accompanying each of those three counts. The trial court found Jones guilty of having a weapon while under disability, as well as the firearm specification accompanying that count and the repeat violent offender specifications accompanying the murder and felony murder counts.

{¶ 4} On September 15, 2014, the trial court issued a judgment memorializing the guilty verdicts and imposing sentence on Jones. The trial court merged the felony murder count with the murder count and sentenced Jones to an aggregate of 33 years to life imprisonment for murder, tampering with evidence, having a weapon while under disability, and all specifications accompanying those counts.

{¶ 5} Jones appealed his conviction to this court, and we affirmed the trial court's judgment. *State v. Jones*, 10th Dist. No. 14AP-796, 2015-Ohio-2357. Since then, Jones has periodically filed post-conviction motions before the trial court. The trial court has denied those motions, and we have affirmed those denials on appeal. *State v. Jones*, 10th Dist. No. 17AP-431, 2018-Ohio-306 (affirming the denial of a motion for relief from judgment); *State v. Jones*, 10th Dist. No. 16AP-128, 2017-Ohio-1121 (affirming the denial of a petition to vacate or set aside the judgment of conviction); *State v. Jones*, 10th Dist. No. 16AP-13, 2016-Ohio-5387 (affirming the denial of a motion for leave to file a delayed motion for a new trial based on newly discovered evidence).

{¶ 6} On September 26, 2017, Jones filed a second motion for leave to file a delayed motion for a new trial. Jones supplemented his motion with further argument submitted on November 17, 2017. In his motion and supplement, Jones argued that he deserved a new trial because the trial court had not instructed the jury on voluntary manslaughter and involuntary manslaughter as lesser-included offenses of murder.

{¶ 7} The trial court denied Jones leave to file a delayed motion for a new trial in a decision and entry filed on January 8, 2018. Jones now appeals that judgment, and he assigns the following errors:

> [1.] THE JUDGEMENT [sic] OF THE TRIAL COURT IS CONTRARY TO THE MANDATES OF THE UNITED STATES CONSTITUTION WHERE THE TRIAL COURT COMMITTED AN ERROR – CRIM.R.52(B) [sic] BY REFUSING TO INSTRUCT THE JURY ON A LESSER-INCLUDED OFFENSE WHEN IT IS WARRANTED. THE TRIAL COURT IS

REQUIRED TO INSTRUCT ON A LESSER OFFENSE MEANING THAT NO TRIAL JUDGE COULD EVER REFUSE AND MUST GIVE THE INSTRUCTION. THE TRIAL COURT'S DENIAL CONSTITUTES AN ABUSE OF JUDICIAL DISCRETION, VIOLATING THE FIFTH AND FOURTEENTH AMENDMENTS.

[2.] IT IS A PREJUDICIAL REVERSIBLE ERROR FOR A TRIAL COURT TO REFUSE IN A SELF-DEFENSE CASE IF UNDER ANY REASONABLE VIEW OF THE EVIDENCE IT IS POSSIBLE FOR THE TRIER OF FACT TO FIND THE DEFENDANT NOT GUILTY OF THE GREATER OFFENSE AND GUILTY OF THE LESSER OFFENSE.

[3.] THE JUDGEMENT [sic] OF THE TRIAL [sic] IS CONTRARY TO THE CONSTITUTIONAL MANDATES OF THE UNITED STATES CONSTITUTION AND CONSTITUTION OF OHIO AND IS AN ABUSE OF JUDICIAL DISCRETION OF THE FIFTH AND FOURTEENTH AMENDMENTS.

{¶ 8} Because they are interrelated, we will address all Jones' assignments of error together. By these assignments of error, Jones argues that the trial court erred in refusing to grant him leave to file a delayed motion for a new trial. We disagree.

{¶ 9} Jones sought a new trial under Crim.R. 33(A)(1), which permits a trial court to grant a new trial due to "[i]rregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court, because of which the defendant was prevented from having a fair trial." Generally, a defendant must file a motion based on Crim.R. 33(A)(1) within 14 days after the date on which a verdict or decision was rendered against him. Crim.R. 33(B). However, if

it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, * * * the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

*Id.*

{¶ 10} Thus, where a defendant misses filing within the 14-day period, Crim.R. 33(B) mandates a two-step procedure. *State v. Carson*, 10th Dist. No. 07AP-492, 2007-Ohio-6382, ¶ 14. First, the defendant must file a motion for leave to file a delayed motion

for a new trial. *Id.* The defendant must present in his motion clear and convincing proof that he was unavoidably prevented from filing a timely motion for a new trial. *Id.* at ¶ 15. Second, if the trial court grants the motion for leave, the defendant must file his actual motion for a new trial. *Id.* at ¶ 14.

{¶ 11} When reviewing a trial court's denial of a motion for leave to file a delayed motion for a new trial, an appellate court uses the abuse-of-discretion standard. *State v. Brodbeck*, 10th Dist. No. 17AP-61, 2017-Ohio-7187, ¶ 7. A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} Here, neither Jones' trial court nor appellate briefing explains why he was unavoidably prevented from timely filing a motion for a new trial based on his lesser-included-offenses argument. We can only find one allusion that potentially explicates Jones' delay. In the declaration filed with his motion for leave, Jones alleged that he "used reasonable diligence in pursuing the merits of this case in post-conviction pleadings but prison legal aids also failed to include the less degree instruction ground for relief." (Def.'s Declaration in Support of Mot. for Delayed Retrial at ¶ 6.) This allegation suggests that Jones' lack of legal knowledge unavoidably prevented him from moving for a new trial. However, we reject that proposition. "[A] defendant's knowledge of the law is not part of an analysis under Crim.R. 33(B)." *State v. Berry*, 10th Dist. No. 06AP-803, 2007-Ohio-2244, ¶ 25. "All persons are 'conclusively presumed to know the law.' " *In re Estate of Holycross*, 112 Ohio St.3d 203, 2007-Ohio-1, ¶ 27, quoting *State v. Pinkney*, 36 Ohio St.3d 190, 198 (1988). Consequently, self-professed ignorance of the law does not justify a belated motion for a new trial.

{¶ 13}   Jones, then, failed to present any clear and convincing proof that he was unavoidably prevented from timely filing a motion for a new trial based on the lesser-included-offenses argument. Given this lack of proof, we conclude that the trial court did not err in denying Jones leave to file a delayed motion for a new trial.

{¶ 14} Moreover, even if Jones had timely sought a new trial, his motion would have failed due to the doctrine of res judicata. Under that doctrine, a judgment of conviction bars a defendant from raising in post-conviction proceedings any issue that was raised or could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-

1245, ¶ 16-17. The doctrine of res judicata "serves to preclude a defendant who has had his day in court from seeking a second on that same issue." *Id.* at ¶ 18.

{¶ 15} Here, the issue Jones raises—whether the trial court should have instructed the jury on lesser-included offenses—turns upon the evidence presented at trial. *State v. Wine*, 140 Ohio St.3d 409, 2014-Ohio-3948, ¶ 21. Jones, therefore, could have raised that issue in the direct appeal of his conviction. Consequently, res judicata bars him from raising it subsequently. *See State v. Sullivan*, 10th Dist. No. 13AP-861, 2014-Ohio-1260, ¶ 15 (because the defendant could have asserted error in a jury instruction in his direct appeal, res judicata prevented him from asserting that error in a petition for post-conviction relief); *State v. Vinson*, 11th Dist. No. 2011-L-172, 2012-Ohio-3421, ¶ 35 (because the defendant could have challenged a jury instruction on direct appeal, res judicata barred him from raising the challenge in a motion for a new trial).

{¶ 16} Indeed, we so held when Jones appealed the denial of his petition to vacate or set aside the judgment of conviction. In that petition, Jones argued that his trial counsel provided ineffective assistance because he did not seek a jury instruction on the lesser-included offense of voluntary or involuntary manslaughter. We agreed with the trial court's determination that res judicata precluded Jones from pursuing that argument. *Jones*, 2017-Ohio-1121, at ¶ 28.

{¶ 17} Jones argues that the doctrine of res judicata does not apply because the trial court committed fraud when it failed to instruct the jury regarding lesser-included offenses. The premise of Jones' argument is incorrect. At most, wrongly instructing a jury constitutes a legal error, and such an error does not amount to fraud.

{¶ 18} In sum, we find no error in the trial court's decision to deny Jones leave to file a delayed motion for a new trial. Accordingly, we overrule Jones' three assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and HORTON, JJ., concur.

————————————