[Cite as *State v. Jackson*, 2024-Ohio-5077.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240066 |
| | | TRIAL NO. B-0805964 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DION JACKSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: October 23, 2024


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Dion Jackson*, pro se.

**Bock, Presiding Judge**.

**{¶1}** Defendant-appellant Dion Jackson appeals the Hamilton County Common Pleas Court's judgment denying his Crim.R. 33(B) motion for leave to file a motion for a new trial. Because Jackson was not unavoidably prevented from discovering the grounds underlying his motion for a new trial during the requisite time period, we affirm the lower court's judgment.

## *Background*

**{¶2}** In 2009, Jackson was convicted upon jury verdicts of felony murder and felonious assault in connection with the shooting death of William Champion. Jackson was a guest at a party and quarreled with Champion. After they were "kicked out" of the party, they "brawled" in the hallway and Jackson shot Champion. He then fled down the stairs, but returned and shot Champion in the back, killing him. We affirmed his convictions on direct appeal, overruling his challenge to the trial court's failure to instruct the jury on the inferior-degree offense of voluntary manslaughter. *State v. Jackson*, 2010-Ohio-4312, ¶ 9 (1st Dist.), *appeal not accepted*, 2010-Ohio-6371.

**{¶3}** In October 2023, Jackson moved for leave to file a Crim.R. 33(A)(1) motion for a new trial, arguing that the trial court had abused its discretion by not applying the correct legal test when deciding to deny his request to instruct the jury on the inferior-degree offense of voluntary manslaughter, and thus denied him a fair trial. The State opposed the motion by arguing that Jackson had not been unavoidably prevented from discovering the grounds to support his motion for a new trial until now. The common pleas court, noting that it had considered Jackson's motion and the State's response, denied the Crim.R. 33(B) motion for leave.

**{¶4}** Jackson now appeals, bringing forth a single assignment of error, which can reasonably be read to challenge the denial of his motion for leave to file a new-trial motion.

{¶5} We review the denial of a Crim.R. 33(B) motion for leave for an abuse of discretion. *State v. Smith*, 2023-Ohio-3954, ¶ 6 (1st Dist.), citing *State v. Hatton*, 2022-Ohio-3991, ¶ 29. "A court exercising its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority" constitutes an abuse of discretion. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

### *Unavoidable prevention not demonstrated*

{¶6} A motion for a new trial under Crim.R. 33(A)(1) based on an abuse of discretion by the trial court, which prevents the defendant from having a fair trial, must be filed within 14 days of the verdict "unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for new trial . . . ." Crim.R. 33(B). "Unavoidably prevented" means "the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence." *State v. McKnight*, 2021-Ohio-2673, ¶ 11 (4th Dist.), citing *State v. Walden*, 19 Ohio App.3d 141, 145-146 (10th Dist. 1984).

{¶7} Here, Jackson filed his motion for leave to file a new-trial motion more than a decade after the jury returned its verdicts in his trial, but he failed to explain to the common pleas court how he had been unavoidably prevented from learning of the grounds supporting his motion for a new trial until recently. Even if we could consider Jackson's argument made for the first time on appeal—that he was unavoidably prevented from discovering the grounds to support his new-trial motion because he only just learned of the correct legal test to be applied by a trial court when determining whether to instruct a jury on inferior offenses—it does not demonstrate unavoidable prevention. "[S]elf-professed ignorance of the law does not justify a [delayed] motion for a new trial." *State v. Jones*, 2018-Ohio-3463, ¶ 12 (10th Dist.),

citing *State v. Berry*, 2007-Ohio-2244, ¶ 25 (10th Dist.) ("[A] defendant's knowledge of the law is not part of an analysis under Crim.R. 33(B).").

**{¶8}** Because Jackson cannot demonstrate unavoidable prevention, we cannot say that the common pleas court abused its discretion in denying his Crim.R. 33(B) motion for leave to file a new-trial motion. To the extent that Jackson asks us to consider the merits of the claim that he wishes to raise in his new-trial motion, we are unable to do so. *See Hatton*, 2022-Ohio-3991, at ¶ 33 ("Unless and until a trial court grants a defendant leave to file a motion for a new trial, the merits of the new-trial claim are not before the court.").

**{¶9}** For the foregoing reasons, Jackson's single assignment of error is overruled, and the judgment of the common pleas court is affirmed.

Judgment affirmed.

ZAYAS and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.