THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. 33137—Decided November 21, 1974.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Gerald F. Penca,* for appellant.

KRENZLER, J.   The defendant was arrested on May 16, 1972 and charged in the East Cleveland Municipal Court

with carrying a concealed weapon in violation of R. C. 2923.01, illegal possession of drugs in violation of R. C. 3719.09, illegal possession of drugs for sale in violation of R. C. 3719.20(A), and with possession of an unregistered firearm in violation of East Cleveland Ordinance No. 60105-545.14(A). The defendant entered a plea of "no contest" to the charge of possession of an unregistered firearm. He was sentenced to three days in jail, fined $50 and costs and was forced to relinquish the firearm to the court. The defendant was subsequently bound over on the felony charges to the Cuyahoga County Grand Jury. On August 10, 1972 the defendant was indicted for carrying a concealed weapon in violation of R. C. 2923.01, illegal possession of drugs in violation of R. C. 3719.09, illegal possession of drugs for sale in violation of R. C. 3719.20(A), illegal possession of barbituates in violation of R. C. 3719.24(D) and for the prohibited possession of a firearm in violation of R. C. 2923.56. On August 25, 1972 the defendant was arraigned and plead not guilty. A trial began on October 20, 1972 and on October 26, 1972 the jury returned a verdict of guilty on all five counts. The defendant was sentenced to the Ohio State Penitentiary. On October 31, 1972 the defendant filed a motion for a new trial, which was overruled and then on December 5, 1972 a notice of appeal was filed. On August 17, 1973 the defendant's conviction was affirmed by this court.

On September 5, 1973 the defendant filed a petition to vacate judgment and sentence pursuant to R. C. 2953.21, the postconviction statute, and he also filed a motion for an evidentiary hearing. In his petition the defendant claimed that his constitutional right against being put twice in jeopardy had been violated. On September 17, 1973 the State filed a motion to dismiss the petition to vacate judgment and on October 10, 1973 the State's motion to dismiss the defendant's petition to vacate judgment was granted. The defendant filed a notice of appeal on October 19, 1973. He presents three assignments of error:

I. The court committed prejudicial error by not granting defendant's motion for an evidentiary hearing.

II. The court committed prejudicial error by failing to make findings of fact and rulings of law regarding dismissal of appellant's petition to vacate judgment and sentence.

III. The court committed prejudicial error by dismissing appellant's motion to vacate judgment and sentence.

Because all three assignments of error deal with R. C. 2953.21, the postconviction statute, and are concerned with when a trial court must hold an evidentiary hearing on the petition, and when it must make and file findings of fact and conclusions of law, we will consider all three assignments together.

It is noted that R. C. 2953.21 was amended effective as of December 9, 1967. Prior to that amendment the pertinent portion of the statute dealing with when a trial court was required to hold a hearing, and when it was required to make findings of fact and conclusions of law with reference to a petition for postconviction relief was as follows:

"* * * Unless the petition and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto, * * *"

Conversely stated this language meant that if the files and records of the case showed to the satisfaction of the court that the prisoner was *not* entitled to relief, it was *not* necessary to grant a hearing, determine the issues, and make findings of fact and conclusions of law. Under these circumstances the petition for postconviction relief could have been summarily dismissed. However, the statute was silent as to whether the trial court was required to make findings of fact and conclusions of law if a hearing was not granted and the petition summarily dismissed. Unless the petition was summarily dismissed for the reasons stated above, the trial court was required to hold a hearing and make findings of fact and conclusions of law.

The above cited portion of R. C. 2953.21 was primarily

relied on in *State* v. *Perry*, decided on May 3, 1967, and cited in 10 Ohio St. 2d 175. *Perry* held that where a petition for postconviction relief does not allege facts which if proved would entitle the prisoner to relief the trial court may so find and summarily dismiss the petition. *Perry* did not require that findings of fact and cnclusions of law be made by the trial court when a petition was summarily dismissed because the statute did not require it. *State* v. *Perry, supra* at page 178; see also *Jones* v. *State* (1966), 8 Ohio St. 2d 21.

When R. C. 2953.21 was amended the language referred to above became substantially that of subsection (E) and subsections (C) and (D) were added.

"* * * (C) Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. Such court reporter's transcript if ordered and certified by the court shall be taxed as court costs. If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal.

"(D) * * * Within twenty days from the date the issues are made up either party may move for summary judgment as provided in section 2311.041 [2311.04.1] of the Revised Code.[1] A bill of exceptions is not necessary in seeking summary judgment. The right to such judgment must appear on the face of the record."

After carefully reviewing amended R. C. 2953.21, we conclude that subsections (C), (D) and (E) are to be read in pari materia, and they provide in substance that:

(1) If the petition, files and records of the case show that the petitioner is not entitled to relief, the court may summarily dismiss the petition but must make and file find-

---

[1] Now Civil Rule 56

ings of fact and conclusions of law with respect to such dismissal.

(2) Unless the petition and the files and records of the case show the petitioner is not entitled to relief the court shall proceed to a prompt hearing on the issues, hold the hearing and make and file findings of fact and conclusions of law upon entering judgment thereon.

(3) The prosecutor or the petitioner may move for summary judgment but the right to such judgment must appear on the face of the record. If summary judgment is granted to either party, the trial court must make and file findings of fact and conclusions of law.

If the trial court finds grounds for granting relief, it shall by its judgment vacate and set aside the judgment and shall in the case of a prisoner in custody discharge or resentence him or grant a new trial as may appear appropriate. R. C. 2953.21(G).

A prisoner is entitled to postconviction relief under R. C. 2953.21 only if the court can find that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States. *State* v. *Perry, supra.*

Applying the foregoing principles to the instant case we hold that assignments of error two and three are well taken because the trial court did commit prejudicial error in failing to make and file findings of fact and conclusions of law and in dismissing the defendant's petition without making and filing findings of fact and conclusions of law.

Assignment of error one concerning the trial court's alleged prejudicial error in not granting the defendant's motion for an evidentiary hearing will not be decided in this appeal since we are reversing and remanding this case for further proceedings with instructions to the trial court to review the petition, files and records in this case and (1) determine whether the petition should be summarily dismissed or whether a hearing is warranted; (2) if the court determines that the petition should be summarily dismissed, it should act accordingly; however, if a hearing is warrant-

ed the court should proceed to conduct one promptly and either dismiss the petition or grant the petitioner the relief sought and enter judgment thereon; (3) make and file findings of fact and conclusions of law.

In deciding these issues the trial court should be mindful that constitutional issues cannot be considered in post-conviction proceedings under R. C. 2953.21, where they have already been or could have been fully litigated by the prisoner while represented by counsel, either before his judgment of conviction or on direct appeal from that judgment, and thus have been adjudicated against him. See *State* v. *Duling* (1970), 21 Ohio St. 2d 13; *State* v. *Perry, supra.*

Judgment reversed and this case remanded for further proceedings consistent with this opinion.

*Judgment reversed.*

SILBERT, C. J., and CORRIGAN, J., concur.