OPINION
{¶ 1} Defendant-appellant, Ricardo Jackson, timely appeals from the judgment of the Franklin County Court of Common Pleas denying appellant's motion for new trial and petition for post-conviction relief. For the reasons set forth below, we reverse and remand the judgment of the trial court.
 {¶ 2} A relevant procedural history of the case follows. By indictment filed July 13, 2001, appellant was charged with two counts of aggravated arson, felonies of the second degree, and one count of intimidation of a witness, a felony of the third degree. On November 16, 2001, following a trial by jury, appellant was convicted of one count of aggravated arson and one count of intimidation of a witness. On November 30, 2001, appellant filed a pro se "Request for Enlargement of Time Within Which to File a Motion for a New Trial Pursuant Rule 45(B) of the Ohio Rules of Criminal Procedure." ("motion for leave.") Appellant, again acting pro se, filed a motion for a new trial on December 7, 2001. On December 17, 2001, appellant filed a "Motion to Stay Execution of Hearing to Impose Sentence and Request to Appoint New Counsel." ("motion to stay.") Within his motion to stay, appellant requested resolution of his pending motion for a new trial prior to sentence being imposed.
 {¶ 3} On December 19, 2001, without ruling on appellant's motion for leave or motion for a new trial, the trial court sentenced appellant to two consecutive five-year prison terms for a total sentence of ten years. On April 5, 2002, appellant submitted a pro se "Petition Requesting Default Judgement [sic] Against State of Ohio Pursuant to Civ.R. 55 or in the Alternative Request for Summary Judgment Pursuant [sic] Civ.R. 56 Against the State of Ohio" in support of his new trial motion. Additionally, appellant filed a pro se motion for summary judgment in support of his motion for post-conviction relief on November 25, 2002. Thereafter, appellant filed a motion to stay consideration of the motion for new trial, and submitted additional requests for leave to supplement this motion. On November 20, 2003, on delayed appeal, this court reversed appellant's conviction on the offense of intimidation of a witness finding it was not supported by the sufficiency of the evidence. The conviction on the offense of aggravated arson was affirmed.
 {¶ 4} Through counsel, appellant filed a petition for post-conviction relief on July 17, 2002. In his first ground for relief in his post-conviction petition, appellant asserted several instances purporting to constitute ineffective assistance of trial counsel. In his second ground for relief, appellant raises the failure of his appointed counsel to timely file his notice of appeal. Thereafter, appellant filed several pro se motions to supplement his post-conviction relief petition.
 {¶ 5} On September 29, 2003, the trial court entered its Decision on the post-conviction petition and new trial motion. The trial court did not address the first ground for relief set forth in appellant's post-conviction petition. Rather, in addressing the second ground for relief, the trial court re-entered judgment against appellant in an effort to permit him to file an appeal of his convictions and sentence. Finally, the trial court denied appellant's motion for a new trial, holding that the issues raised therein would be more appropriately addressed on appeal.
 {¶ 6} On October 9, 2003, the court entered a Nunc Pro Tunc Entry,[1] stating that at the time of the September 29, 2003 Decision, it was unaware that appellant had previously been granted leave to file a delayed appeal. As a result, the trial court stated that the September 29, 2003 decision was "held for naught."
 {¶ 7} On appeal, appellant, through counsel, raises the following assignments of error:
I. The trial court erred when it denied the defendant a hearing on his petition for post-conviction relief on the basis that the defendant did not receive effective assistance of counsel.
II. The trial court erred when it held that the defendant's claims in his petition for post-conviction relief should have been raised on appeal.
 {¶ 8} On November 24, 2003, appellant filed a pro se brief assigning the following assignments of error:[2]
I. Franklin county common pleas court judge nodine miller (the trial court) purposely erred to the substantial prejudice of appellant in violation of his rights secured under the V, VI, andXIV amendments to the united states constitution; article one, Sections 10 and 16 of the ohio constitution; Article III of the ohio constitution; cannons 1, 2, 3, and 4 of the code of judicial conduct; Disciplinary Rule (DR) 1-102(a)(3), (4), and (5) of the code of professional responsibility; Rule IV, of the supreme court rules for the government of the bar; and rule 40(A), of the rules of superintendence for courts in ohio.
II. The trial court erred to the substantial prejudice of appellant when it failed to address appellant's motions requesting summary judgment in his favor prior to dismissing the new trial and post-conviction relief petitions in violation of the U.S. and ohio Constitutions.
III. The trial court erred to the prejudice of appellant when it entered a "decision" upon the new trial and post-conviction petitions in violation of the V, and XIV Amend. to the U.S. Const. Article one Sections 10 and 16 of the Ohio Const.; and Section (C) of R.C. 2953.21: When it failed to file findings of fact and conclusions of law.
 {¶ 9} We will first address appellant's assignment of error number two and appellant's pro se assignment of error number three as it relates to appellant's post-conviction petition. In his petition for post-conviction relief, appellant raises several claims of ineffective assistance of trial counsel.
 {¶ 10} A criminal defendant who seeks to challenge his conviction through a petition for post-conviction relief is not automatically entitled to a hearing. State v. Jackson (1980),64 Ohio St.2d 107, 110, 18 O.O.3d 348, 413 N.E.2d 819. However, a petitioner who files a petition for post-conviction relief is entitled to a hearing if the petition, supporting affidavits and all the files and records pertaining to the proceedings against the petitioner demonstrate that there are substantive grounds for relief. R.C. 2953.21(C); State v. Calhoun (1999),86 Ohio St.3d 279, 282, 714 N.E.2d 905, subsequent appeal at, Lake App. No. 2001-L-021, 2002-Ohio-3371, appeal denied by, 97 Ohio St.3d 1424,2002-Ohio-5820, 777 N.E.2d 278.
 {¶ 11} Pursuant to R.C. 2953.21, if the trial court finds no grounds for an evidentiary hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and to the grounds for relief relied upon in the petition. State v. Lester (1975), 41 Ohio St.2d 51, 70 O.O.2d 150, 322 N.E.2d 656, paragraph two of the syllabus. Failure to make the required findings of fact and conclusions of law in denying a petition for post-conviction relief is prejudicial error. State v. Brown (1974), 41 Ohio App.2d 181,185, 70 O.O.2d 349, 324 N.E.2d 755. See, also, State v. Hester
(1976), 45 Ohio St. 71, 74 O.O.2d 156, 341 N.E.2d 304, and Statev. Davidson (July 26, 1994), Franklin App. No. 94APA01-68.
 {¶ 12} The purpose of requiring the trial court to make findings of fact and conclusions of law is to apprise a petitioner of the grounds for the judgment of the trial court and to enable appellate courts to properly conduct a review of the judgment. Jones v. State (1966), 8 Ohio St.2d 21, 37 O.O.2d 357, 222 N.E.2d 313. A review of the entry at issue reveals, and the State of Ohio concedes, the trial court failed to make any required findings of fact and conclusions of law with regard to the grounds for relief set forth in the petition. Nor did the trial court individually address any of the specific claims of ineffective assistance of counsel raised by appellant.
 {¶ 13} Failure of the trial court to make findings of fact and conclusions of law on which this court can properly review the trial court's denial of appellant's petition for post-conviction relief constitutes prejudicial error. Therefore, appellant's second assignment of error and appellant's pro se assignment of error number three as it relates to appellant's petition for post-conviction relief, are sustained.
 {¶ 14} We now address appellant's pro se assignment of error number three as it relates to appellant's motion for new trial. A review of the record indicates that the trial court never expressly ruled upon appellant's motion for leave to file a motion for new trial. In this case, the trial court considered appellant's motion for new trial without granting appellant's motion for leave. While it can be inferred that the court intended to grant the motion for leave, the motion for new trial was nonetheless not in a proper procedural posture for ruling.[3] The trial court should not have rendered its decision on appellant's motion for new trial until it resolved his motion for leave. Such would properly have placed the motion for new trial before the court and given notice to the parties that the motion for new trial would be considered by the court. As such, the motion for new trial was not properly before the court. However, as we have found merit to appellant's appeal regarding his post-conviction petition, we find appellant suffered no prejudice and we overrule appellant's pro se assignment of error number three, as it relates to appellant's motion for new trial.
 {¶ 15} Our disposition of appellant's second assignment of error and appellant's pro se assignment of error number three renders moot all remaining assignments of error. For the above stated reasons, appellant's first assignment of error is overruled as moot and his second assignment of error is sustained. Appellant's pro se first and second assignments of error are overruled as moot, his third assignment of error pertaining to appellant's motion for new trial is overruled, and appellant's pro se third assignment of error pertaining to appellant's post-conviction petition is sustained. We reverse the judgment of the Franklin County Court of Common Pleas and remand to the trial court solely for the purpose to make and file findings of fact and conclusions of law concerning the grounds for relief set forth in appellant's petition for post-conviction relief.
Judgment reversed and remanded with instructions.
Lazarus, P.J., and Brown, J., concur.
[1] The September 29, 2002 Decision constituted a valid final judgment, which the trial court did not have authority to reconsider. State ex rel. Hansen v. Reed, 63 Ohio St.3d 597,599, 589 N.E.2d 1324, citing Brook Park v. Necak (1986),30 Ohio App.3d 118, 120, 30 OBR 218, 506 N.E.2d 936.
[2] For clarity, we will refer to the assignments of error in appellant's first brief as "appellant's assignments of error" and the assignments of error in appellant's pro se brief as "pro se assignments of error."
[3] The record does not reflect that the state filed a memorandum contra appellant's motion for new trial, his motions to stay, or his subsequent requests for leave to supplement his new trial motion.