[Cite as *State v. Canada*, 2016-Ohio-5948.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-7 |
| v. | : | (C.P.C. No. 13CR-6315) |
| Marcus A. Canada, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 22, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie Swanson*, for appellee.

**On brief:** *Marcus A. Canada*, pro se.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Marcus A. Canada, appeals the December 14, 2015 judgment of the Franklin County Court of Common Pleas denying appellant's petition to vacate or set aside judgment of conviction and sentence and appellant's motion for appointment of counsel. For the following reasons, we reverse and remand the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} The facts and procedural history leading to appellant's convictions and sentence are more fully detailed in this court's decision on his direct appeal, *State v. Canada*, 10th Dist. No. 14AP-523, 2015-Ohio-2167. As relevant here, on November 27, 2013, a Franklin County Grand Jury filed an indictment charging appellant with three criminal counts: two counts of aggravated burglary, in violation of R.C. 2911.11, felonies of

the first degree; and one count of domestic violence, in violation of R.C. 2919.25, a felony of the third degree.

{¶ 3}   On June 11, 2014, following trial, the jury returned a verdict of not guilty on one count of aggravated burglary, and guilty on the remaining count of aggravated burglary and the count of domestic violence.   On the same day, the trial court imposed a sentence of imprisonment for a term of three years for the count of aggravated burglary and two years for the count of domestic violence, to be served consecutively, for an aggregate prison term of five years.   On June 27, 2014, the trial court filed a corrected judgment entry reflecting appellant's conviction and sentence.

{¶ 4}   In his direct appeal, appellant raised seven assignments of error for our review.   On June 4, 2015, we issued a decision overruling appellant's assignments of error and affirming the judgment of the trial court.   *Id.* at ¶ 110.

{¶ 5}   On August 19, 2015 appellant filed an application to reopen his appeal pursuant to App.R. 26(B).   On September 18, 2015, plaintiff-appellee, State of Ohio, filed a memorandum in opposition.   We denied appellant's application for reopening in *State v. Canada*, 10th Dist. No. 14AP-523 (Jan. 21, 2016) (memorandum decision).

{¶ 6}   In our memorandum decision, we rejected appellant's arguments that his appellate counsel rendered ineffective assistance by failing to raise certain assignments of error.   Specifically, we found the record did not support appellant's allegation that trial counsel's performance was deficient for failing to investigate the case prior to advising appellant on plea offers.   Additionally, we found the record did not support a finding of reversible error relating to a violation of the discovery rules.

{¶ 7}   First, we rejected appellant's argument that his trial counsel was ineffective for failing to investigate the 911 recordings presented at trial because counsel requested discovery from the state and, through no fault of his own, did not receive the records of the calls until the morning of trial.   Furthermore, the record reflected that appellant was present when the victim called 911, the existence of the 911 recordings was disclosed before the plea negotiations in a police summary provided by the state, counsel reviewed the calls prior to trial, and counsel succeeded in having one call excluded after arguing against their admission into evidence.   Appellant also failed to demonstrate prejudice, since the record did not reflect appellant would have accepted plea offers had he known

the 911 recordings would be admitted. Instead, appellant presented an unwavering desire to proceed with a jury trial.

{¶ 8} Second, we rejected appellant's argument that his trial counsel was ineffective for failing to confirm that two of the state's witnesses would appear at trial. The record reflected the witnesses were served with subpoenas, but failed to appear several times. Neither the state nor appellant's counsel was able to ascertain whether the witnesses would appear at trial. Furthermore, appellant was unable to establish prejudice, since, as noted above, the record did not reflect that appellant would have accepted plea offers if he had known that the witnesses would not appear at trial.

{¶ 9} Finally, we rejected appellant's arguments that his appellate counsel should have raised an assignment of error relating to a violation of the discovery rules. Specifically, appellant contended that (1) his trial counsel was ineffective for failing to object to the 911 recordings on grounds that the prosecutor withheld the recordings in violation of the discovery rules, (2) the prosecutor committed prosecutorial misconduct by not providing the 911 recordings until the day of trial, which deprived appellant of effective assistance of counsel and a fair trial, and (3) the trial court abused its discretion by allowing the 911 recordings into evidence. The record reflected that the prosecutor provided the 911 recordings to defense counsel on the morning of trial, prior to the start of trial. The trial court did not find that a discovery violation had occurred, but offered appellant's trial counsel the opportunity to recess for the day. Appellant's trial counsel indicated he had already listened to the recordings, proceeded to argue against the inclusion of the recordings into evidence, and ultimately succeeded in having one of the four recordings excluded. Therefore, we found that the record supported the conclusion that, because the lack of disclosure was inadvertent and appellant had prior knowledge of the 911 calls, appellant was not able to establish prejudice. Therefore, we concluded appellant failed to demonstrate a colorable claim of ineffective assistance of appellate counsel and denied appellant's application for reopening.

{¶ 10} Earlier, on July 29, 2015, appellant filed a "petition to vacate and set aside the defendant's sentence and conviction for post-conviction relief, pursuant to [R.C.] 2953.21 and request for a hearing." On August 10, 2015, appellant filed a motion for appointment of counsel for his postconviction proceedings. On September 3, 2015, the

state filed an answer and motion to dismiss appellant's motion for postconviction relief. On September 22, 2015, appellant filed a response to the state's answer and motion to dismiss. On December 14, 2015, the trial court filed a decision and entry denying appellant's July 29, 2015 petition and his August 10, 2015 motion. Appellant appeals this decision and entry.

## II. Assignments of Error

{¶ 11} Appellant assigns the following five assignments of error for our review:

[I.] THE TRIAL COURT COMMITTED PREJUDICIAL ERR BY RULING THAT "ONE OF THE CLAIMS" THAT CANADA RAISED, WAS BARRED BY THE DOCTRINE OF *RES JUDICATA*, WITHOUT STATING *WHICH CLAIM* WAS THE ONE THAT WAS BARRED. FURTHERMORE, CANADA STATES THAT WHEN THERE IS EVIDENCE THAT IS *BOTH*: "ON" THE RECORD, AS WELL AS "OFF" THE RECORD, AND WHERE THE EVIDENCE RELIED UPON LIES MAINLY "*OFF*" THE RECORD, THAT SUCH EVIDENTIARY ISSUES ARE PROPERLY RAISED IN POST-CONVICTION RELIEF PROCEEDINGS, AS OPPOSED TO THE DIRECT APPEAL. THUS, IN SUCH CASES, THE DOCTRINE OF *RES JUDICATA* WOULD BE MISPLACED.

[II.] THE TRIAL COURT COMMITTED PREJUDICIAL ERR IN ITS JUDGMENT, WHEN THE TRIAL COURT RULED THAT APPELLANT'S PETITION FAILED TO CONTAIN "SUFFICIENT ADDITIONAL EVIDENCE" TO SUPPORT HIS REQUEST FOR AN EVIDENTIARY HEARING; AND WHERE THE TRIAL COURT FOUND THE "AFFIDAVITS" TO BE "INSUFFICIENT" AND "SELF-SERVING."

[III.] THE TRIAL COURT COMMITTED PREJUDICIAL ERR IN ITS JUDGMENT, AS DEMONSTRATED BY APPELLANT'S FOLLOWING ARGUMENTS, IN THAT CANADA DID DEMONSTRATE THAT HIS TRIAL COUNSEL'S ASSISTANCE WAS *DEFICIENT*, BELOW AN OBJECTIVE STANDARD OF REASONABLENESS, AND THUS ENTITLING CANADA TO POST-CONVICTION RELIEF.

[IV.] THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ITS FAILURE TO RECOGNIZE THAT APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO "EFFECTIVE" ASSISTANCE OF COUNSEL AT TRIAL WAS VIOLATED, WHICH DEPRIVED APPELLANT

OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL, AS A RESULT OF DEFENSE COUNSEL'S FAILURE TO INDEPENDENTLY SUBPOENA ANY WITNESSES TO COME TO COURT TO TESTIFY; AND FOR FAILING TO "INVESTIGATE" THE CASE PRIOR TO THE DATE OF TRIAL.

[V.] APPELLANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WAS VIOLATED BASED ON ALL THE FOLLOWING REASONS (a) DEFENSE COUNSEL FAILED TO INVESTIGATE THE POLICE DISPATCH PHONE C.D. RECORDINGS, PRIOR TO THE DATE OF TRIAL, FOR PURPOSES OF PROPERLY "ADVISING" APPELLANT/-CANADA ON ACCEPTING "PLEA OFFERINGS" THAT WERE PROPOSED BY THE PROSECUTING ATTORNEY, PRIOR TO TRIAL; AND (b) APPELLATE WAS DEPRIVED OF HIS RIGHT TO "EFFECTIVE" ASSISTANCE OF COUNSEL DURING THE "PLEA NEGOTIATIONS" AS A RESULT OF THE PROSECUTOR'S "DELAY" IN FURNISHING THE POLICE PHONE RECORDINGS (C.D.s) OVER TO DEFENSE COUNSEL, UNTIL *AFTER* THE TIME PERIOD ON ACCEPTING THE PLEA OFFER HAD ALREADY PASSED. ACCORDINGLY, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ITS JUDGMENT DENYING CANADA'S POST-CONVICTION PETITION.

(Sic passim.) For ease of discussion, we address appellant's assignments of error out of order.

## III. Discussion

## A. Applicable Law

{¶ 12} Petitions for postconviction relief are governed by R.C. 2953.21(A)(1)(a), which provides in pertinent part:

Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

Postconviction relief is a civil collateral attack on a judgment, not an additional direct appeal of the underlying judgment. *State v. Phipps*, 10th Dist. No. 14AP-545, 2015-Ohio-3042, ¶ 5, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). A petition for postconviction relief allows the petitioner to present constitutional issues that would otherwise be unreviewable on direct appeal because the evidence supporting those issues is not contained in the record of the criminal conviction. *Phipps* at ¶ 5, citing *State v. Carter*, 10th Dist. No. 13AP-4, 2013-Ohio-4058, ¶ 15. A petition for postconviction relief does not, however, provide a second opportunity to litigate the conviction. *Id.*

{¶ 13} R.C. 2953.21(C) provides:

> Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.

Thus, a petitioner is not automatically entitled to an evidentiary hearing on a petition for postconviction relief, but instead bears the initial burden of providing evidence that demonstrates a cognizable claim of constitutional error. *State v. Ibrahim*, 10th Dist. No. 14AP-355, 2014-Ohio-5307, ¶ 9. A petition for postconviction relief may be denied without an evidentiary hearing where the petition, supporting affidavits, documentary evidence, files, and records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *Calhoun* at paragraph two of the syllabus.

{¶ 14} When a trial court dismisses a postconviction relief petition without holding an evidentiary hearing, it must enter findings of fact and conclusions of law. R.C. 2953.21(C). *State v. Jackson*, 10th Dist. No. 03AP-1065, 2004-Ohio-6438, ¶ 11 citing *State v. Lester*, 41 Ohio St.2d. 51 (1975), paragraph two of the syllabus ("Pursuant to R.C. 2953.21, if the trial court finds no grounds for an evidentiary hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and to the grounds for relief relied upon in the petition."). " 'While a trial court need not

discuss every issue that the petitioner raises or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law, its findings must be sufficiently comprehensive and pertinent to the issues to form a basis upon which the evidence supports the conclusion.' " *State v. Banks*, 10th Dist. No. 10AP-1065, 2011-Ohio-2749, ¶ 5, quoting *State v. McKnight*, 4th Dist. No. 06CA645, 2006-Ohio-7104, ¶ 5, citing *Calhoun* at 291-92. Failure to make the required findings of fact and conclusions of law in denying a petition for postconviction relief is prejudicial error. *Jackson* at ¶ 11, citing *State v. Brown*, 41 Ohio App.2d 181, 185 (8th Dist.1974).

## B. Standard of Review

{¶ 15} We review a trial court's denial of a postconviction relief petition without a hearing for an abuse of discretion. *Phipps* at ¶ 6, citing *State v. McBride*, 10th Dist. No. 14AP-237, 2014-Ohio-5102, ¶ 11. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." (Citations omitted.) *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## C. Second Assignment of Error

{¶ 16} In his second assignment of error, appellant asserts the trial court erred by finding that appellant's petition failed to contain sufficient additional evidence to support his request for an evidentiary hearing.

{¶ 17} "[I]n reviewing a petition for postconviction relief filed pursuant to R.C. 2953.21, a trial court should give due deference to affidavits sworn to under oath and filed in support of the petition, but may, in the sound exercise of discretion, judge their credibility in determining whether to accept the affidavits as true statements of fact." *Calhoun* at 284. "In postconviction relief proceedings, the trial court may, under appropriate circumstances, deem affidavit testimony to lack credibility without first observing or examining the affiant." *Ibrahim* at ¶ 21, citing *State v. Taylor*, 10th Dist. No. 14AP-166, 2014-Ohio-3574, ¶ 16.

{¶ 18} We have previously stated that a trial court must examine affidavits submitted in support of a petition to determine if they present sufficient operative facts in support of the averments in the petitioner's affidavit to warrant a hearing. *Id.* at ¶ 23. In

determining the credibility of supporting affidavits in postconviction relief, trial courts should consider all relevant factors, including:

> (1) whether the judge reviewing the postconviction relief petition also presided at the trial, (2) whether multiple affidavits contain nearly identical language, or otherwise appear to have been drafted by the same person, (3) whether the affidavits contain or rely on hearsay, (4) whether the affiants are relatives of the petitioner, or otherwise interested in the success of the petitioner's efforts, and (5) whether the affidavits contradict evidence proffered by the defense at trial.

*Calhoun* at 285. *See Taylor* at ¶ 23; *Ibrahim* at ¶ 24. "Moreover, a trial court may find sworn testimony in an affidavit to be contradicted by evidence in the record by the same witness, or to be internally inconsistent, thereby weakening the credibility of that testimony." *Calhoun* at 285. One or more of the above non-exclusive list of factors may be sufficient to justify the conclusion that an affidavit asserting information outside the record lacks credibility. *Id.* Although such determinations lie within the sound discretion of the trial court, "[a] trial court that discounts the credibility of sworn affidavits should include an explanation of its basis for doing so in its findings of fact and conclusions of law, in order that meaningful appellate review may occur." *Id.*

{¶ 19} In support of his petition, appellant submitted his own affidavit, an affidavit from his mother, and an affidavit from his aunt. In their affidavits, both appellant's mother and aunt averred that appellant lived at the address where the incident occurred on November 9, 2013, and paid bills at that residence. In its decision, the trial court stated that appellant "has failed to set forth sufficient additional evidence supporting his claim so as to warrant an evidentiary hearing. More specifically, the Court finds [appellant's] own self-serving Affidavit and the Affidavits of his Mother and Aunt, respectively, are insufficient for establishing his right to a hearing." (Dec. 14, 2015 Decision at 2.)

{¶ 20} Here, the trial court made no mention of its consideration of the factors listed in *Calhoun*, or any other supporting rationale, before discounting appellant's supporting affidavits. As a result, we find the trial court committed prejudicial error by failing to include in the decision and entry a sufficient explanation for its basis for discounting the credibility of the sworn affidavits in support of appellant's petition.

*Calhoun* at 285; *Jackson* at ¶ 11; *Banks* at ¶ 5.  We therefore must remand this matter for the trial court to examine the supporting affidavits and consider all the relevant factors, including those specifically mentioned in *Calhoun*, in determining whether or not the supporting affidavits present sufficient operative facts in support of the petition to warrant a hearing.  The trial court must then sufficiently state its findings in its decision and judgment entry in order for meaningful appellate review to occur.

{¶ 21} Accordingly, we sustain appellant's second assignment of error.

**D.  First Assignment of Error**

{¶ 22} In his first assignment of error, appellant asserts the trial court erred in determining that one of his claims was barred by the doctrine of res judicata.

{¶ 23} A trial court may dismiss a petition for postconviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata.  *Ibrahim* at ¶ 10; *State v. Sullivan*, 10th Dist. No. 13AP-861, 2014-Ohio-1260, ¶ 10, citing *State v. Melhado*, 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 10.  " 'Res judicata is applicable in all postconviction relief proceedings.' "  *Ibraham* at ¶ 10, quoting *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996).  "Under the doctrine of res judicata, a defendant who was represented by counsel is barred from raising an issue in a petition for postconviction relief if the defendant raised or could have raised the issue at trial or on direct appeal."  *Id.*, citing *Szefcyk* at syllabus.  Similarly, to the extent a defendant contends that the trial transcript contains evidence of deficient performance on the part of trial counsel, the defendant may not rely on such evidence in support of his or her petition. *Id.*

{¶ 24} The doctrine of res judicata does not apply where the petitioner relies on competent, relevant, and material evidence, outside the trial court's record, and such evidence must not be evidence that existed or was available for use at the time of trial.  *Id.* at ¶ 11, citing *State v. Braden*, 10th Dist. No. 02AP-954, 2003-Ohio-2949, ¶ 27.  "Where new counsel represents a defendant on direct appeal and the ineffectiveness of trial counsel could have been determined without resort to evidence outside the record, a petition for postconviction relief alleging ineffective assistance of trial counsel is barred by res judicata."  *Id.*

{¶ 25} In his petition for postconviction relief, appellant asserted that he received ineffective assistance of counsel because trial counsel failed to investigate a 911 recording before advising appellant on a plea offer and because the state failed to disclose its intention to use the 911 recording at trial. In its decision, the trial court stated: "[T]he Court finds that this motion is barred by the doctrine of *res judicata* because at least one of [appellant's] claims was actually raised or could have been raised in the trial court or on his direct appeal from the judgment of conviction." (Emphasis sic.) (Dec. 14 2015 Decision at 1.)

{¶ 26} In the present appeal, appellant contends the trial court committed prejudicial error by applying the doctrine of res judicata without stating which specific claim was barred. In response, the state argues that the trial court's meaning is apparent when read in conjunction with the state's answer and motion to dismiss appellant's petition. In that filing, the state argued that "*one* of [appellant's] claims is barred by res judicata." (Emphasis sic.) (State's Sept. 3, 2015 Motion at 9.) Specifically, the state argued that appellant "claims that his counsel was ineffective, because counsel did not obtain a copy of the 911 calls prior to the start of trial. But, all that [appellant] relies on to support this claim is in the record. * * * Res judicata now bars it." (Motion at 9-10.)

{¶ 27} Here, the trial court did not specifically state which one of appellant's claims was barred by res judicata. In accordance with our conclusion that the trial court failed to sufficiently detail its reasoning with regard to consideration of appellant's supporting affidavits, we find that the trial court's indefinite statement regarding the applicability of res judicata defeats meaningful appellate review. We therefore sustain appellant's first assignment of error to the extent that the trial court failed to specify which of appellant's claims was barred by res judicata and remand this matter for the trial court to make such findings in order to permit meaningful appellate review. *Jackson* at ¶ 11; *Banks* at ¶ 5.

{¶ 28} Accordingly, we sustain in part and overrule in part appellant's first assignment of error.

## E.  Third, Fourth, and Fifth Assignments of Error

{¶ 29} In his third, fourth, and fifth assignments of error, appellant asserts the trial court erred in denying his petition for postconviction relief because he failed to demonstrate ineffective assistance of counsel. In light of our resolution of appellant's first

and second assignments of error, appellant's third, fourth, and fifth assignments of error are rendered moot.

## IV. Conclusion

{¶ 30} Having sustained appellant's second assignment of error, sustained in part and overruled in part appellant's first assignment of error, and rendered moot appellant's third, fourth, and fifth assignments of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded.*

BRUNNER and HORTON, JJ., concur.

———————————