[Cite as *State v. Adams*, 2017-Ohio-519.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA23 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JASON M. ADAMS, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 02/06/17** |

_____
APPEARANCES:

Jason Adams, Lima, Ohio, Pro Se Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Robert
C. Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton,
Ohio, for Appellee.

_____

McFarland, J.

{¶1} Jason Adams appeals the judgment entry of the Lawrence

County Court of Common Pleas, dated July 11, 2016, which dismissed his

petition for post-conviction relief without a hearing. On appeal, Appellant

asserts the trial court erred by: (1) failing to conduct a hearing pursuant to

R.C. 2953.21(C); and (2) failing to provide findings of fact and conclusions

of law. Upon review, we find no merit to Appellant's arguments.

Accordingly, we overrule Appellant's sole assignment of error and affirm

the judgment of the trial court.

FACTS

{¶2} A Lawrence County Common Pleas Jury convicted Appellant of complicity to aggravated robbery, a felony of the first degree.  By final judgment entry of December 23, 2014, he was sentenced to a nine-year prison term.

{¶3} Appellant's conviction arose from an ill-conceived plan to rob Charles (Sam) Jones, an elderly "bookie" in Ironton, Ohio.  On January 14, 2014, church volunteers near Central Christian Church saw a commotion in front of the church, observed two men running away, and assisted Jones and Appellant, who appeared to have been robbed.  One of the assailants was chased to a black Dodge Durango pickup truck.  Once surveillance video of the robbery and truck was obtained from a nearby school, the investigation quickly unfolded.  Appellant, his long-time friend Scott Lewis, and a third man, Ed Hampton, Lewis's uncle, were subsequently indicted for robbing Jones.[1]

{¶4} Appellant's co-defendants entered guilty pleas and did not proceed to trial.  Appellant, however, an Iraq war veteran with no prior criminal record and good standing in the community, proceeded to trial and testified on his own behalf.  Appellant maintained throughout the

---

[1] Appellant was indicted on March 25, 2014.

investigation and during his testimony at trial that he was not involved in planning or participation and was, in fact, also a victim of the crime.

{¶5} The State presented testimony from Jones, the bystanders/witnesses at the church, the investigating officers, Scott Lewis, and additional witnesses who identified the State's exhibits. The State's exhibits included surveillance film of the robbery and escape; records of multiple phone contacts between Appellant and Lewis before, during, and after the incident; Appellant's initial statement to responding officers; Appellant's recorded statement at the police station; surveillance film from a local store showing Appellant and his co-defendants purchasing toy guns on the day of the incident; and photographs of the victim's injuries.

{¶6} The defense strategy was to attempt to cast doubt as to the credibility of the investigating officers and Scott Lewis. However, the jury must have found the circumstantial evidence overwhelming and Appellant not to be a credible witness. After Appellant was sentenced, a timely appeal followed.

{¶7} In his direct appeal, Appellant raised six assignments of error, including manifest weight of the evidence, an evidentiary issue, sentencing issues, and an ineffective assistance of counsel claim. On June 14, 2016, while his direct appeal was still pending, Appellant filed a petition for post-

conviction relief, alleging his conviction was void or voidable under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution because his trial counsel did not render effective assistance. On July 11, 2016, the trial court dismissed Appellant's petition without conducting an evidentiary hearing and by judgment entry which did not separately caption findings of fact and conclusions of law.

{¶8} On July 25, 2016, Appellant filed a notice of appeal of the court's decision on his post-conviction petition. On November 10, 2016, this court issued its decision in the direct appeal. *See State v. Adams,* 4th Dist. Lawrence No. 15CA2, 2016-Ohio-7772. We overruled four assignments of error which included the ineffective assistance claim, declined to consider one which the parties had resolved, and found merit to Appellant's post-release control notification argument. We now consider the appeal of the dismissal of Appellant's post-conviction petition.

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S PETITION FOR POSTCONVICTION RELIEF WITHOUT A HEARING PURSUANT TO R.C. 2953.21(C), WHEN APPELLANT PROVIDED SUFFICIENT EVIDENCE DEHOR THE RECORD TO WARRANT A HEARING."

"II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S POSTCONVICTION PETITION WITHOUT FURNISHING FINDINGS OF FACTS AND CONCLUSIONS OF LAW."

## A.  STANDARD OF REVIEW

**{¶9}** "[A] trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence." *State v. Black,* 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, ¶7, quoting *State v. Gondor,* 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58.  "A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable." *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 19, citing *Cullen v. State Farm Mut. Auto Ins. Co.,* 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19.  Because Appellant's assignments of error are related, we consider them jointly.

## B.  LEGAL ANALYSIS

**{¶10}** A petition for post-conviction relief brought pursuant to R.C. 2953.21 provides convicted individuals with a means to collaterally attack their convictions. *Black, supra,* at ¶ 8, citing *In re B.C.S.,* 4th Dist.

Washington No. 07CA60, 2008-Ohio-5771, ¶ 10. "It is a civil proceeding designed to determine whether 'there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A). Thus, a petitioner must demonstrate errors of a constitutional magnitude and resulting prejudice before being entitled to relief under the statute." *Id* . R.C. 2953.21 specifically provides:

> (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
>
> * * *
>
> (C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal.

&#42; &#42; &#42;

(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending.

&#42; &#42; &#42;

{¶11} However, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *Black, supra,* at ¶ 9, citing *State v. Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905 (1999); *State v. Slagle,* 4th Dist. Highland No. 11CA22, 2012-Ohio-1936, ¶ 13. Rather, before granting a hearing on a petition, the trial court must first determine that substantive grounds for relief exist. R.C. 2953.21(C). "Substantive grounds for relief exist and a hearing is warranted if the petitioner produces sufficient credible evidence that demonstrates the petitioner suffered a violation of the petitioner's constitutional rights." *In re B.C.S.* at ¶ 11. Furthermore, in order to merit a hearing, the petitioner must show that the claimed "errors resulted in prejudice." *Id.,* quoting *Calhoun* at 283.

{¶12} Res judicata applies to proceedings involving post-conviction relief. *Black, supra,* at ¶ 10, citing *State v. Szefcyk,* 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996). "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment,

any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Therefore, 'any issue that could have been raised on direct appeal and was not is res judicata and not subject to review in subsequent proceedings.' " *State v. Segines*, 8th Dist. Cuyahoga No. 99789, 2013-Ohio-5259, ¶ 8, quoting *State v. Saxon,* 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16.

1.  Failure to conduct evidentiary hearing.

{¶13} Appellant argues the trial court abused its discretion in denying his petition without a hearing as it never gave any consideration to the evidence that he attached to his petition, never addressed the issues of the witnesses' credibility, and never explained why Appellant's evidence was lacking in credibility.  Appellant asserted in his petition that defense counsel was provided information from the private investigator that placed severe scrutiny in the truthfulness and credibility of the lead detective, Joe Ross, Appellant's co-defendant Scott Lewis, and the victim Sam Jones.  Appellant concludes an evidentiary hearing would have considered the issue of what

was reasonable or strategic, given the information within counsel's possession.

{¶14} A trial court may dismiss a petition for post-conviction relief without holding an evidentiary hearing when the claims raised in the petition are barred by the doctrine of res judicata. *State v. Canada,* 10th Dist. Franklin No. 16AP-7, 2016-Ohio-5948, at ¶ 23; *State v. Ibrahim*, 10th Dist. Franklin No. 14AP355, 2014-Ohio-5307*,* at ¶ 10; *State v. Sullivan,* 10th Dist. Franklin No. 13AP–861, 2014-Ohio-1260, ¶ 10, citing *State v. Melhado,* 10th Dist. Franklin No. 13AP–114, 2013-Ohio-3547, ¶ 10. However, the doctrine of res judicata does not apply where the petitioner relies on competent, relevant, and material evidence, outside the trial court's record, and such evidence must not be evidence that existed or was available for use at the time of trial. *Id.* at ¶ 11, citing *State v. Braden,* 10th Dist. Franklin No. 02AP–954, 2003-Ohio-2949, ¶ 27. "Where new counsel represents a defendant on direct appeal and the ineffectiveness of trial counsel could have been determined without resort to evidence outside the record, a petition for post-conviction relief alleging ineffective assistance of trial counsel is barred by res judicata." *Id.*

{¶15} Here, Appellant's supplemental answers to discovery filed in the trial court proceedings were attached to his post-conviction petition.

During the underlying proceedings, Appellant hired a private investigator who submitted various memoranda and reports to defense counsel who, in turn, provided them in discovery. The various memoranda and reports included:

> 1) Interview of Shannon Colson;
>
> 2) Telephone interview of Thomas Adams, Appellant's father (March 22, 2014);
>
> 3) Written statement of Jim Carry, Appellant's father-in-law;
>
> 4) Telephone interview of Thomas Adams (June 7, 2014);
>
> 5) Interviews of Josh Wheeler and Tracy Wheeler (March 17, 2014);
>
> 6) Follow-up telephone interviews of Josh Wheeler (April 29, 2014 and August 18, 2014);
>
> 7) Telephone interview of Travis Waulk (April 9, 2014);
>
> 8) In-person interview of Curtis Cooke (March 31, 2014);
>
> 9) In-person interview of Eric Williams (March 25, 2014);
>
> 10) Telephone interview of Blake Copley, Appellant's co-worker (April 17, 2014);
>
> 11) Telephone interview of Chris Bowman, Acting Police Chief of Ironton Police Department (May 16, 2014);

12) In-person interview of Rich Blankenship, Mayor of Ironton (April 23, 2014);

13) Memorandum by the private investigator to defense counsel entitled "Defense Investigator Impressions and Judgements" (June 16, 2014);

14) Memorandum by private investigator to defense counsel entitled "Initial Discovery File Review" (March 26, 2014);

15) Telephone interview of Lucas Morris (October 4, 2014);

16) Memorandum of Investigation entitled "Collection of Video from Cell Phone" (Meeting with Appellant after phone call between Appellant and co-defendant Edward Hampton on October 2, 2014);

17) Memorandum of Investigation entitled "Collection of Video from Cell Phone") (Meeting with Appellant after second phone call between Appellant and co-defendant Hampton, October 16, 2014);

18) Synopsis prepared by Captain Joseph Ross, Ironton Police Department (January 14, 2014);

19) Email between Nicole Adams, Appellant's wife, and the investigator (June 15, 2014);

20) Continuation of Investigation, Captain Joseph Ross (June 10, 2014).

{¶16} We are unable to determine whether all of the memoranda and reports submitted with Appellant's petition were submitted with discovery and actually made part of the trial court record. However, it is clear that all the memoranda and reports were submitted to defense counsel and available

for use at trial.  A petition for post-conviction relief is not the proper vehicle

to raise issues that were or could have been determined on direct appeal.

*Black, supra,* at ¶ 11, citing *State v. Perry, supra,* 10 Ohio St.2d at 182, 226

N.E.2d at 109.

{¶17} We pause to recognize that pursuant to our decision in *State v.*

*Keeley,* 989 N.E.2d 80, 2013-Ohio-474, the doctrine of res judicata would

not apply to bar a trial court's consideration of post-conviction claims that

were not raised in an appeal of right that was pending at the time the post-

conviction petition was filed.  There we stated:

> "[W]e have found no precedent to determine whether res
> judicata may be invoked during postconviction proceedings
> when the first appeal of right is pending.  We believe, for the
> following reasons, that the answer to that question is in the
> negative.  First, as noted above, the *Szefcyk* syllabus is phrased
> in past tense and, thus, suggests that res judicata may be
> invoked after the first appeal of right has been determined. * * *
> Second, and more important, invoking the doctrine of res
> judicata while a first appeal of right is pending renders R.C.
> 2953.21(C) meaningless.  The Ohio General Assembly
> instructed trial courts that they could consider the merits of
> such petitions even while an appeal is pending.  However, to
> allow the application of res judicata at that stage of an appeal
> means that a trial court could always avoid ruling on the
> petition's merits as long as no decision had been rendered on
> the appeal."

{¶18} While Appellant's appeal was pending at the time he filed his

post-conviction petition and the trial court ruled on it, we as an appellate

court are not precluded from utilizing the doctrine of res judicata where it is

applicable. We find Appellant's case somewhat akin to the situation in

*Black, supra*, in that Appellant's current claims of ineffective assistance of

trial counsel could have, and should have, been raised in the direct appeal of

his conviction. Appellant, like Black, was present during the trial court

proceedings and was well aware of the actions, and inactions of his counsel.

Black claimed that prior to trial he instructed his trial counsel to contact

witnesses on his behalf, but counsel failed to do so. Black also claimed that

he provided his trial counsel with information about the victim, but that

counsel failed to use the information at trial. This court reasoned that Black

was cognizant of these claims and other claims and could have included

them in his direct appeal. We further observed Black obtained new counsel

for his direct appeal, presumably so that he could pursue such a claim.

{¶19} Importantly, we observed that Black's direct appeal raised the

issue of ineffective assistance without including the arguments that he raised

in his post-conviction petition, and that Black could have included those

arguments in the direct appeal but did not. We found the doctrine of res

judicata applied to bar Black's ineffective assistance of counsel claims, and

that the trial court did not err by dismissing Black's petition.

{¶20} In Appellant's post-conviction petition, he argued his counsel

was ineffective for: (1) failing to utilize evidence of inconsistent statements

made by his co-defendant and the victim; and (2) failing to attack the credibility of the detective in the case.[2] And, Appellant specifically sets forth in his petition:

> "Defense counsel had these statements and information that was given to him from the private investigator, (SEE ATTACHMENTS) but never brought this information into the trial for the jury to hear. * * * Counsel for the defendant had this information but failed to use any of it at trial to attack the truthfulness and credibility of the lead detective. In this matter. (sic.) Counsel for Defendant failed to call the Private Detective, Mr. Pennington as a witness to clarify all of these things involving the Lead Detective, Scott Lewis, and the victim. Counsel for the Defendant failed to even put on a rudimentary defense that was readily available * * *. None of the evidence and/or information described herein was hidden from trial counsel or not available for trial. * * * The information was presented to counsel during the course of his review of materials * * *."

{¶21} We find, as in *Black,* that Appellant's current claims of ineffective assistance of trial counsel could have and should have been raised in the direct appeal of his conviction. Appellant had different counsel in his direct appeal and did not raise an ineffective assistance of counsel claim. Although the trial court could not have relied on res judicata because Appellant's direct appeal was still pending at the time the petition was dismissed, it is applicable. Like Black, Appellant was well aware of his

---

[2] In Appellant's direct appeal, he claimed ineffective assistance occurred when defense counsel failed to object to numerous instances throughout his trial when the jury was informed of his co-defendants' guilty pleas. We found no merit to this argument, observing that counsel's failure to object fell within the realm of reasonable trial strategy and also noted the overwhelming circumstantial evidence of Appellant's guilt.

counsel's actions and/or claimed inactions. Like Black, Appellant generally claims he provided his counsel with evidence and information which his counsel failed to use at trial. Appellant, like Black, was aware of these claims and others and could have included them in his direct appeal. For the foregoing reason, we find the claims Appellant raised his post-conviction petition are barred by the doctrine of res judicata. Accordingly, the trial court did not err by dismissing his petition. We hereby overrule the first assignment of error.

2. Failure to issue findings of fact and conclusions of law.

{¶22} Appellant argues the trial court's entry concluded that defense counsel's decisions fall within a wide range of trial strategy, but did not reference any evidence that Appellant was using competent trial strategy, and simply stated "This was a well tried two day jury trial before twelve jurors who found the Defendant guilty." Further, the entry did not address the issue of the witnesses' credibility. Appellant contends the findings of fact and conclusions of law should be explicit to give the appellate court a clear understanding of the ground for the court's decision and concludes the judgment entry of the trial court lacks recognition of the basis of the decision.

{¶23} When a trial court dismisses a post-conviction relief petition without holding an evidentiary hearing, it must enter findings of fact and conclusions of law. R.C. 2953.21(C). *State v. Jackson*, 10th Dist. Franklin No. 03AP–1065, 2004-Ohio-6438, ¶ 11, citing *State v. Lester,* 41 Ohio St.2d. 51 (1975), paragraph two of the syllabus ("Pursuant to R.C. 2953.21, if the trial court finds no grounds for an evidentiary hearing, the court is required to make and file findings of fact and conclusions of law as to the reasons for dismissal and to the grounds for relief relied upon in the petition.").  " 'While a trial court need not discuss every issue that the petitioner raises or engage in an elaborate and lengthy discussion in its findings of fact and conclusions of law, its findings must be sufficiently comprehensive and pertinent to the issues to form a basis upon which the evidence supports the conclusion.' " *State v. Banks,* 10th Dist. Franklin No. 10AP–1065, 2011-Ohio-2749, ¶ 5, quoting *State v. McKnight,* 4th Dist. Vinton No. 06CA645, 2006-Ohio-7104, ¶ 5, citing *Calhoun* at 291-92. Failure to make the required findings of fact and conclusions of law in denying a petition for post-conviction relief is prejudicial error. *Jackson* at ¶ 11, citing *State v. Brown*, 41 Ohio App.2d 181, 185 (8th Dist.1974).

{¶24} The trial court's decision stated, in pertinent part:

"The essence of the State of Ohio's argument in response to the petition for postconviction relief is that Defense Counsel's

decision whether to call certain witnesses or Counsel's decision to pursue a particular line of questioning falls within the area of trial strategy, *State v. Davis,* 2013-Ohio-3878, 22 (Ct. App. 2013). * * * This was a well tried two day jury trial before twelve jurors who found the Defendant guilty. This Court finds that the Defendant failed to make a prima facie argument or argue substantive grounds for relief as required in R.C. 2953.21(C)."

{¶25} Here, we find Appellant's ineffective assistance claims are barred by the doctrine of res judicata and we decline to consider Appellant's argument herein. As such, we do not find the trial court's dismissal of Appellant's post-conviction petition constituted prejudicial error. Therefore, we also overrule Appellant's second assignment of error, and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Harsha, J., dissenting:

{¶26} I respectfully dissent.  In his first assignment of error Adams asserts that the trial court erred by failing to conduct a hearing on his petition.  The principal opinion relies on our opinion in *State v. Black*, 4th Dist. Ross No. 15CA3509, 2016-Ohio-3104, to hold that res judicata barred Adams's claim of ineffective assistance of his trial counsel.  But in *State v. Keeley*, 2013-Ohio-474, 989 N.E.2d 80, ¶ 7-8 (4th Dist.), we held that the doctrine of res judicata does not bar consideration of postconviction claims that were not raised in an appeal of right that was pending at the time the postconviction petition was filed.

{¶27} In *Black* we upheld a trial court's dismissal of a petition for postconviction relief without holding an evidentiary hearing based in part on res judicata although the petition was filed when a direct appeal was pending.  However, *Black* is distinguishable from both *Keeley* and this case because the trial court there dismissed the defendant's petition for postconviction relief *after* we decided the defendant's appeal.  The trial court could correctly rely on res judicata to resolve the pending

postconviction petition based on res judicata at that point because his direct appeal was no longer pending.[3]

{¶28} Conversely, the facts in this case are more like the circumstances in *Keeley* than the situation in *Black*, i.e., when the trial court dismissed Adams's petition for postconviction relief, his direct appeal was still pending. Based on *Keeley* we should sustain Adams's first assignment of error and remand the cause to the trial court to consider the petition. On remand, because his direct appeal is no longer pending, the trial court is free to consider whether his claims are now barred by res judicata.

{¶29} In his second assignment of error Adams argues that the trial court erred by failing to issue findings of fact and conclusions of law. The principal opinion finds that because res judicata bars his claims, any failure by the trial court was not prejudicial. But because the trial court erred in dismissing the petition based on res judicata when his direct appeal was still pending, the opinion's rationale on his second assignment of error is also erroneous. "Ohio law requires a trial court to make findings of fact and conclusions of law when it dismisses a petition or denies postconviction relief on the merits." *State v. Brooks*, 4th Dist. Scioto No. 09CA3329, 2010–Ohio–3262, ¶ 4, citing R.C. 2953.21(C) and (G). We should sustain

---

[3] *See*, *Black* (Harsha, J., concurring) in which this judge applied res judicata to some of Black's claims and rejected its application to two others.

Adams's second assignment of error and direct the trial court on remand to issue findings of fact and conclusions of law if it determines that dismissal of the petition without a hearing is warranted.

{¶30} Therefore, I dissent. We should sustain Adams's assignments of error and reverse and remand the cause to the trial court.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellants.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:    Concurs in Judgment Only.
Harsha, J.:   Dissents with Dissenting Opinion.

For the Court,

BY:   _____
Matthew W. McFarland, Judge

## NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**